IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DON FREDERICK CARNATHAN | § | |
| v. | § | CIVIL ACTION NO. 6:05cv238 |
| | | (Crim. No. 6:02cr3) |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Don Carnathan, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his petition, Carnathan states that he was convicted on August 16, 2002, of interception and disclosure or wire or oral communications, receiving a sentence of 60 months to serve and three years of supervised release, as well as a $100.00 special assessment. Carnathan did not appeal his conviction, but filed this motion to vacate or correct his sentence stating that he is seeking relief under the rule announced by the Supreme Court in Blakely v. Washington, 124 S.Ct. 2531 (2004), made applicable to the U.S. Sentencing Guidelines in United States v. Booker, 125 S.Ct. 738 (2005). He argues that his petition is not barred by limitations, that he can file under the Savings Clause, that the Court did not acquire subject matter jurisdiction to impose the sentence and that the rules upon which he relies are retroactively applicable on collateral review. Carnathan also says that the Court has the power to make these rules retroactive because they apply to the "standards of proof." He says that his sentence should have been 10 months rather than 60 months, but that certain judicially found

1

facts enhanced the sentence by 50 months; he contends that these facts were never found by a jury nor admitted by him, but did not specify what these facts were.[1]

On September 28, 2005, the Magistrate Judge issued a Report recommending that the motion to vacate or correct sentence be denied. This Report concluded that <u>Blakely</u> and <u>Booker</u> do not operate retroactively to cases on collateral review, a position which was implied by the Supreme Court in <u>Booker</u> and which has been reached by every federal appellate court to consider the question. *See* <u>In re Elwood</u>, 408 F.3d 211, 212 (5th Cir. 2005); <u>Varela v. United States</u>, 400 F.3d 864, 866 (11th Cir. 2005); <u>Humphress v. United States</u>, 398 F.3d 855, 863 (6th Cir. 2005); <u>McReynolds v. United States</u>, 397 F.3d 479, 481 (7th Cir. 2005); <u>Green v. United States</u>, 397 F.3d 101, 103 (2nd Cir. 2005); <u>United States v. Leonard</u>, 120 Fed.Appx. 759 (10th Cir. 2005) (not selected for publication in the Federal Reporter).   Because the rule set out in <u>Booker</u> and <u>Blakely</u> does not retroactively apply on collateral review to Carnathan's claims, the Magistrate Judge recommended that Carnathan's motion to vacate or correct sentence be denied.

. Carnathan did not file objections to the Report; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Magistrate Judge's Report is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

---

[1] As the Magistrate Judge observed, the plea agreement contains a stipulation by the parties that the facilitated offense which Carnathan was attempting to commit involved the sexual exploitation of a minor; to the extent that this was the fact used to enhance the sentence, it falls outside of <u>Booker</u> regardless of retroactivity because of this stipulation. However, Carnathan does not make clear what facts he is complaining of.

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

SIGNED this 1st day of November, 2005.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE